UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 6:25-CR-7-1 |
| | ) | |
| NAKIA DONALDSON | ) | |

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on or about March 31, 2026, Nakia Donaldson (the "defendant"), entered a plea of guilty to the offense charged in Count Nine of the above-captioned Indictment (Docs. 3, 114), charging a violation of 21 U.S.C. § 841(a)(1); and

WHEREAS, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(a), and 28 U.S.C. § 2461(c) the defendant has consented to the forfeiture of all right, title, and interest to the United States in the following:

- A Stag Arms AR-15 Rifle (S/N 306242);

- A DT Sport Light AR-15 Rifle (S/N DTI-S109183)[1];

- A Great Lakes AR Pistol (S/N 1103.5900);

- A Glock 23 Gen 5, .40 Caliber handgun (S/N CBGH909);

- A Taurus .380 caliber handgun (S/N 1F064944);

- Any ammunition; and

- A money judgment in the amount of $30,750.00

---

[1] The Plea Agreement (Doc. 114) incorrectly referenced the serial number of the DT Sport Light AR-15 Rifle as (S/N DTI-5109183); however, the United States has corrected the serial number to (S/N DTI-S109183), as reflected accurately above.

(the "Subject Property")[2], on the legal and factual bases set forth in the forfeiture allegation in the charging document, at the plea hearing, and/or through the plea agreement, which the Court finds sufficient to justify forfeiture of the Subject Property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      On the basis of the forfeiture authority listed above, all right, title, and interest in the Subject Property of the defendant is forfeited to the United States.

2.      Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or a designee is authorized to seize the Subject Property, to conduct any proper discovery, and to commence any applicable proceedings to comply with statutes governing third-party rights, as set forth in Fed. R. Crim. P. 32.2.

3.      The United States shall comply with the notice provisions established in Fed. R. Crim. P. 32.2(b)(6) including, as appropriate, publication and direct notice.

4.      Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing

---

[2] In his plea agreement (Doc. 114), Nakia Donaldson agreed to forfeit his interest in a Smith and Wesson .357 caliber revolver (S/N CZB0016), however the forfeiture of that property is intentionally not included here and will not be sought through this proceeding.

without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

5.     Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Subject Property shall be forfeited to the United States for disposition in accordance with the law.

6.     The United States alone shall hold title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7.     The forfeiture of the Subject Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

8.      This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns, and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.      The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: _Qpril 20_____, 2026

ORDERED:

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4